IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DEBRA P. STRICKLAND                                          PETITIONER

VS.                                    CIVIL ACTION NO. 5:04cv263-DCB-JCS
                                           CRIMINAL NO. 5:03cr19-DCB

UNITED STATES OF AMERICA                                     RESPONDENT

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [**docket entry no. 1** in civil action 5:04cv263 and **docket entry no. 19** in criminal action 5:03cr19].  Having reviewed the motion, the government's response, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

### FACTUAL AND PROCEDURAL HISTORY

On December 1, 2003, petitioner Debra P. Strickland was sentenced to thirty-three (33) months confinement and three (3) years supervised probation after pleading guilty to the indictment against her.  The indictment charged that the petitioner knowingly and willfully embezzled money of the United States Fish and Wildlife Service and the United States Environmental Protection Agency, totaling $637,855.00, in violation of 18 U.S.C. § 641.  The guilty plea was negotiated with the government, and a Memorandum of Understanding ("MOU") memorialized the terms of the plea agreement reached on July 15, 2003.

On February 10, 2004, Strickland filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  She supplemented her motion on September 28, 2004.  She raises two bases of relief within the motion and the supplemental motion.  First, she claims that her conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.  In her supplemental motion, she makes a second claim that her Sixth Amendment rights were violated by the District Court's reliance on facts found by the judge, and not by a jury, to impose sentencing enhancements.

## DISCUSSION

To obtain post-conviction relief under 28 U.S.C. § 2255, a petitioner attacking her conviction or sentence must prove by a preponderance of the evidence that her sentence was imposed in violation of the United States Constitution or laws, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  See 28 U.S.C. § 2255.

The government contends that Strickland's § 2255 motion should be denied because she waived all rights to pursue such collateral relief in her plea agreement as memorialized by the MOU. Government's Motion to Dismiss, 1-2.  The MOU, signed by Strickland on July 15, 2003, provides in part:

-2-

> The Defendant, knowing and understanding all of the facts set out herein, including the maximum possible penalty that could be imposed, and including her right to appeal the sentence imposed as provided in Section 3742, Title 18, United States Code, hereby expressly waives the right to appeal the conviction and/or sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Section 3742, or on any ground whatsoever, and expressly waives the right to contest the conviction and/or sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Section 2255, Title 28, United States Code. . . . The Defendant waives these rights in exchange for the recommendations and concessions made by the United States Attorney's Office in this plea agreement.

Memorandum of Understanding, ¶11.

I. Plea Agreement's Restriction on Seeking Post-Conviction Relief

Strickland waived her right to post-conviction relief when she knowingly and voluntarily entered into a plea agreement with the government. A plea agreement is enforceable and evinces a petitioner's waiver of appeal and post-conviction relief where the Court determines that the petitioner knowingly and voluntarily entered into the plea agreement. See United States v. Wilkes, 20 F.3d 651, 653-54 (5th Cir. 1994). Furthermore, an MOU memorializing the plea agreement acts to bar the petitioner's claim that her sentence was unlawfully induced or impermissibly enhanced. See United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000) ("A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant" including "claims of ineffective

-3-

assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary").

The government asserts that the requirements of knowledge and volition were satisfied when Strickland waived her rights to any motions for post-conviction relief during her plea colloquy. The Court's review of the transcript supports the government's assertion. On August 4, 2003, the following dialogue was held between the Court and the petitioner during the plea hearing:

> Q.   Having gone to Hinds and having graduated from high school, you are able to read and write. Have you ingested – and I ask you this question to be sure that you are mentally competent. Do you know what that phrase means, mental competency?
>
> A.   Yes, sir.
>
> Q.   You tell me you're mentally competent?
>
> A.   Yes, sir.
>
> . . .
>
> Q.   Have you consumed any alcoholic beverages within the last 24 hours?
>
> A.   No, sir.
>
> Q.   Have you consumed any drugs of any type, prescription or non-prescription, within the past 24 hours?
>
> A.   Prescription, yes, sir.
>
> Q.   All right. Are these mind-altering drugs that you're taking, ma'am?
>
> A.   I'm taking Wellbutrin, which is a – I guess an antidepressant, but I don't think they're mind-altering.

-4-

Q.   It hasn't affected your ability to reason, your ability to converse with Mr. Vance, your ability to appreciate and understand that [sic] I'm saying to you?

A.   No, sir.

Q.   Would that be your testimony?

A.   No, sir, it does not impair me.

Q.   All right. And you tell me having now – I having asked you these questions and told you the purpose of these questions, you tell me that you are mentally competent, Ms. Strickland?

A.   Yes, sir.

. . .

Q.   Are you satisfied with the amount of time and quality of advice given to you by the Honorable Travis Vance?

A.   Yes, sir.

. . .

Q.   There is a Memorandum of Understanding which has been tendered to the court under date of July 10, 2003, between the United States Attorney and Deborah P. Strickland and her attorney, Mr. Vance. This memorandum has certain recommendations in it that will be made by the United States Attorney to the court at the time of sentencing. This is a recommendation only, Ms. Strickland. I call your attention to the fact that the court has the discretion to accept the recommendation or not to accept the recommendation. Sometimes I do; sometimes I don't. I have to apply what I think is a reasonable and fair sentence in every case, and I'm always mindful of the recommendations made by the United

> States Attorney's office, but I don't
> always accept them.  Do you understand
> that?
>
> A.   Yes, sir.
>
> . . .
>
> Q.   The U.S. Attorney has recited the basic
> facts, Ms. Strickland, which he feels he
> could prove in the event his client is
> put to its proof.  Do you tell me that
> you have heard what Mr. Dowdy has said?
> Do you agree with what he said,
> essentially?
>
> A.   Yes, sir.
>
> Q.   All right.  Do you tell me you're guilty
> of this crime?
>
> A.   Yes, sir.

As evidenced by the plea hearing transcript, the Court made specific findings that the petitioner was competent on the day of her plea hearing and that she understood that the Court reserved the right to make its own determinations regarding sentencing without following the United States Attorney's recommendations in the MOU.  For her part, the petitioner offers no evidence that she entered the plea agreement unknowingly or involuntarily. Therefore, the plea agreement and MOU at issue in the instant case are taken as enforceable, and the petitioner is bound by the terms of the MOU and barred from seeking post-conviction relief under 28 U.S.C. § 2255.

The petitioner is particularly barred from seeking post-conviction relief under 28 U.S.C. § 2255 on the grounds that her

conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.  The petitioner argues that she was not aware of the penalty which could result from her guilty plea to the instant violation; however, the petitioner acknowledged in the MOU that the penalty for her particular violation of 18 U.S.C. § 641 would be a fine of up to $250,000, imprisonment no longer than 10 years, and a term of supervised release of at least two years but not more than three years.  Memorandum of Understanding, ¶2.  She also recognized that the Court was permitted to impose any sentence authorized by law and that she was not permitted to withdraw her plea solely as a result of the sentence imposed.  Id.  Therefore, the petitioner is subject to the sentence imposed at the discretion of the Court and is barred from seeking 28 U.S.C. § 2255 relief on the grounds of the sentence imposed by the Court.

II.  Limitation on the Retroactive Application of *Booker* Rule in Cases Involving Judge-Found Facts

The petitioner also claims that her Sixth Amendment rights were violated by the District Court's reliance on judge-found facts to impose sentencing enhancements.  She claims that this violation entitles her to relief under the rule emerging out of United States v. Booker, whereby the Supreme Court states that enhancements under the federal sentencing guidelines, like those considered in the instant case, are subject to jury trial requirements of the Sixth

Amendment.   543 U.S. 220, 233 (2005).  Despite the petitioner's arguments in favor of applying the <u>Booker</u> rule to the facts of her case, her arguments are unsuccessful in showing that she is entitled to any relief under <u>Booker</u>.

The instant case presents no jury issues which violate the <u>Booker</u> rule.  The petitioner stipulated in the MOU to the facts upon which the Court based its enhancements of her sentence, and the Court properly relied on the facts stipulated in the MOU in making determinations regarding sentencing.  As a result, the petitioner's motion on this ground is without merit.

<u>**CONCLUSION**</u>

For the foregoing reasons, the petitioner's Motion to Vacate, Set Aside or Correct Sentence is not well-taken and shall be denied.  Accordingly,

IT IS HEREBY ORDERED that Petitioner Debra P. Strickland's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [**docket entry no. 1** in civil action 5:04cv263 and **docket entry no. 19** in criminal action 5:03cr19] is **DENIED.**

A separate judgment will be entered by the Court in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 14th day of June, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE